# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Holly Ridge Estates, Inc. | : | **CASES CONSOLIDATED** |
| | : | No. 193 C.D. 2025 |
| v. | : | |
| | : | |
| Pennsylvania-American Water | : | |
| Company, | : | |
| Appellant | : | |
| | : | |
| | : | |
| Holly Ridge Estates, Inc. | : | |
| | : | No. 853 C.D. 2025 |
| v. | : | |
| | : | Argued: February 4, 2026 |
| Pennsylvania-American Water | : | |
| Company | : | |
| | : | |
| Appeal of: Pennsylvania-American | : | |
| Water Company | : | |

BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE LORI A. DUMAS, Judge
              HONORABLE MARY HANNAH LEAVITT, Senior Judge

**OPINION BY**
**JUDGE DUMAS**                  **FILED: March 24, 2026**

In these consolidated appeals, the Pennsylvania-American Water Company (PAWC) has appealed from the two orders issued by the Court of Common Pleas of Lackawanna County (trial court). First, PAWC challenges a trial court order from January 23, 2025 (Injunction Order), which denied a petition for preliminary injunction (Injunction Petition) filed by Holly Ridge Estates, Inc (Holly

Ridge). In the Injunction Petition, Holly Ridge sought a mandatory injunction[1] that it may install water meters in water meter "rooms" at the Holly Ridge Development (Development) as opposed to water meter "pits," that Holly Ridge's application before PAWC be approved and not rejected, and that PAWC must reimburse Holly Ridge for all its costs and attorney's fees. PAWC also challenges an order issued on May 6, 2025 (PO Order), by which the trial court denied preliminary objections filed by PAWC to Holly Ridge's amended complaint.

On appeal, the sole issue before this Court is whether the trial court lacked jurisdiction to enter these orders because the Pennsylvania Utility Commission (PUC) has exclusive or primary jurisdiction to hear the case first. After careful review, we vacate the Injunction Order, reverse the PO Order, and remand for proceedings consistent with this decision.

## I. BACKGROUND

Amidst construction of residential housing units in the Development, a dispute arose between Holly Ridge and PAWC regarding the installation of water meters, and Holly Ridge commenced this litigation by complaint. *See* Holly Ridge's Compl., 11/18/24. According to Holly Ridge, over the prior eight years, PAWC had approved the installation of water meters in "rooms" at other developments and had also approved the installation of these water meter "rooms" at the Development in the first phase of construction. *See* Holly Ridge's Compl. at 4-5. However, during the next phase of construction, PAWC rejected Holly Ridge's application to place

---

[1] The Injunction Petition asks for declaratory and injunctive relief, which we interpret as a request for a mandatory injunction, as Holly Ridge sought to compel affirmative conduct, namely, that it could install the water meters inside the Development in "rooms," instead of outside in "pits." *See Page v. Rogers*, 324 A.3d 661, 679 n.32 (Pa. Cmwlth. 2024) (explaining that "[t]he nature of mandatory injunctions is to command performance of an affirmative act.") (cleaned up) (quoting *Firearms Owners Against Crime – Inst. for Legal, Legislative & Educ. Action v. Evanchick*, 291 A.3d 507, 514 (Pa. Cmwlth. 2023)).

water meters in the "rooms" and instead required that Holly Ridge construct water meter "pits," which, according to Holly Ridge, would cause "great delay and expense."[2]  *See id.* at 5-6.

Holly Ridge contends that this violated PAWC's Water Tariff (tariff),[3] which, in its view, merely provided that when an applicant is applying for water service for new construction, the customer shall provide a safe, readily accessible, and protected location for the installation of a water meter at a point that will control the entire supply to the premises.  *See id.* at 3, 6, 10.  Additionally, Holly Ridge averred that PAWC's denial of its application was "vindictive and retaliatory" following Holly Ridge's claim to PAWC that it should bear the cost of constructing and installing the water facilities, from which PAWC would financially benefit.  *See id.* at 6, 9.  In support, Holly Ridge claimed that a PAWC employee who had previously approved the water meter "rooms" later requested that Holly Ridge's principal perform yard maintenance at his personal residence and, after the work was completed, refused to pay, asserting that the services were owed in light of his prior approval.  *See id.* at 6-8.

---

[2] Holly Ridge and PAWC frequently refer to water meter "pits" and water meter "rooms" throughout their filings.  Based on the parties' submissions and the tariff, we understand a water meter "pit" to refer to water meters installed outside on a property, typically near the property line, whereas water meter "rooms" refer to water meters installed inside a building or new construction.

[3] See PAWC Rates, Rules and Regulations Governing the Distribution and Sale of Water Service in Certain Municipalities and Territories Located Adjacent Thereto in: Adams, Allegheny, Armstrong, Beaver, Berks, Bucks, Butler, Centre, Chester, Clarion, Clearfield, Clinton, Columbia, Cumberland, Dauphin, Fayette, Greene, Indiana, Jefferson, Lackawanna, Lancaster, Lawrence, Lebanon, Luzerne, McKean, Monroe, Montgomery, Northampton, Northumberland, Pike, Schuylkill, Susquehanna, Union, Warren, Washington, Wayne, Wyoming, and York Counties, Meters and Meter Installations (effective January 13, 2026), available at https://www.amwater.com/paaw/Resources/PDF/Rates/PAWC%20WaterTariff%20No.%205%20Supplement%20No.%2058.pdf (last visited March 23, 2026), for PAWC's updated rules and regulations regarding meters and meter installations.

In response, PAWC filed preliminary objections to the complaint for lack of jurisdiction, improper service, insufficient specificity, and legal insufficiency. *See* PAWC's Prelim. Objs., 11/27/24.[4] The trial court denied these preliminary objections. *See* Trial Ct. Mem. & Order, 2/3/25.

Contemporaneous with its complaint, Holly Ridge also filed the Injunction Petition, which the trial court denied. *See* Inj. Order, 1/23/25. The trial court found that Holly Ridge had demonstrated a likelihood of success on the merits. *See* Trial Ct. Mem., 1/23/25. However, the trial court further found that the costs and delays associated with PAWC's decision were likely adequately compensable by money damages, and that Holly Ridge failed to show otherwise. *See id.* Because the trial court determined that Holly Ridge's claims had an adequate remedy, Holly Ridge failed to prove an element of a preliminary injunction, so the requested relief could not be granted. *See id.* PAWC appealed this decision, challenging the trial court's jurisdiction. *See* Notice of Appeal, 2/11/25.

With the trial court's permission, Holly Ridge filed an amended complaint, adding a claim for damages. *See* Trial Ct. Order 2/14/25; Holly Ridge's Am. Compl., 2/18/25. PAWC filed preliminary objections to the amended complaint, again asserting that PUC has exclusive or primary jurisdiction over the matter because it concerns the reasonableness of PAWC's services, the location and installation of its facilities, and compliance with the tariff. *See* PAWC's Prelim. Objs. to Holly Ridge's Am. Compl., 3/10/25. On May 6, 2025, the trial court denied these preliminary objections. *See* PO Order, 5/6/25. PAWC sought permission for an interlocutory appeal, which this Court granted and consolidated the appeals from

---

[4] PAWC further requested that the trial court strike Holly Ridge's request for attorney's fees. *See id.*

the Injunction Order and PO Order. *See* Pet. for Permission to Appeal, 7/11/25; Cmwlth. Ct. Order, 8/12/25.

## II. ISSUE

The sole issue is whether the trial court erred in exercising jurisdiction over the parties' dispute because jurisdiction properly lies in the PUC. *See* PAWC's Br. at 2.

## III. DISCUSSION[5]

PAWC argues that the trial court lacked jurisdiction over this case because Holly Ridge's request for equitable relief to install water meter "rooms" at the Development, and its assertions that PAWC had violated its water tariff are matters that fall squarely within the PUC's exclusive or primary jurisdiction. *See* PAWC's Br. at 11-12. These claims, PAWC contends, hinge on whether PAWC provided reasonable services to the public and complied with the tariff, because Holly Ridge posits that it was unreasonable for PAWC to require Holly Ridge to install PAWC's meters outdoors. *See id.* at 11-15. PAWC maintains that it is for PUC to decide whether this requirement is reasonable. *See id.* at 15. PAWC further asserts that PUC's administrative remedies are adequate to redress the asserted harm by Holly Ridge. *See id.* at 18. Alternatively, PAWC contends that PUC has primary

---

[5] Ordinarily, our review of a trial court's decision to deny a request for equitable relief is limited to whether the trial court erred as a matter of law or abused its discretion. *See Woodward Twp. v. Zerbe*, 6 A.3d 651, 657 n.6 (Pa. Cmwlth. 2010). However, to issue an order denying such relief, the trial court must have subject matter jurisdiction. *See* 42 Pa.C.S. § 931.

We review a trial court's order overruling preliminary objections to determine whether the trial court erred as a matter of law. *See Pettko v. Pennsylvania American Water Co.*, 39 A.3d 473, 477 n.7 (Pa. Cmwlth. 2012). Because it involves pure questions of law, our standard of review is *de novo*, and our scope of review is plenary. When reviewing matters of jurisdiction, as with all pure questions of law, our standard of review is *de novo*, and our scope of review is plenary. *See Thierfelder v. Wolfert*, 52 A.3d 1251, 1261 (Pa. 2012); *Borough of Pleasant Hills v. Dep't of Transp.*, 312 A.3d 389, 396 n.5 (Pa. Cmwlth. 2024).

jurisdiction because the case must first receive a determination from PUC before continuing to the trial court for damages. *See id.* at 13, 24-28.

Under the Judicial Code, "[t]he courts of common pleas shall have unlimited original jurisdiction of all actions and proceedings," except, for example, where the legislature has enacted "a pervasive regulatory scheme and establish[ed] a governmental agency possessing expertise and broad regulatory and remedial powers to administer that regulatory scheme." 42 Pa.C.S. § 931(a); *Feingold v. Bell of Pa.*, 383 A.2d 791, 793 (Pa. 1977). In such an exception, "a court should be reluctant to interfere in those matters and disputes which were intended by the [l]egislature to be considered, at least initially, by the administrative agency." *Feingold*, 383 A.3d at 793.

In matters concerning the relationship between public utilities and the public, initial jurisdiction is in the PUC, not the courts. *See PPL Elec. Utils. Corp. v. City of Lancaster*, 214 A.3d 639, 649 (Pa. 2019) (citing *Borough of Lansdale v. Phila. Elec. Co.*, 170 A.2d 565 (Pa. 1961)). Historically, "the reasonableness, adequacy and sufficiency of public utility service are all matters within the exclusive original jurisdiction of the PUC." *DiSanto v. Dauphin Consol. Water Supply Co.*, 436 A.2d 197, 199 (Pa. Super. 1981); *see also* Sections 501 and 1501 of the Public Utility Code, 66 Pa.C.S. §§ 501, 1501. The General Assembly deliberately "vested in the PUC exclusive authority over the complex and technical service and engineering questions arising in the location, construction and maintenance of all public utilities facilities." *See PPL Elec. Utils. Corp.*, 214 A.3d at 650. This is the case in a variety of situations, including "rates, service, rules of service, extension and expansion, hazard to public safety due to use of utility facilities, installation of utility facilities, location of utility facilities, obtaining, alerting, dissolving,

abandoning, selling or transferring any right, power, privilege, service franchise or property and rights to serve particular territory." *See PPL Elec. Utils. Corp.*, 214 A.3d at 649-50; *Borough of Lansdale*, 170 A.2d at 566-67. "When a utility's failure to maintain reasonable and adequate service is alleged, regardless of the form of the pleading in which the allegations are couched, it is for the PUC initially to determine whether the service provided by the utility has fallen short of the statutory standard required of it." *DiSanto*, 436 A.2d at 199 (citations omitted). In matters where the PUC has exclusive jurisdiction, the judiciary may not order relief. *Behrend v. Bell Telephone Co. of Pa.*, 243 A.3d 346, 347-48 (Pa. 1986).

Primary jurisdiction is a flexible doctrine that "creates a workable relationship between the courts and administrative agencies, wherein, in appropriate circumstances, the courts can have the benefits of the agency's views on issues within the agency's competence." *Rehab. & Cmty. Providers Ass'n v. Dep't of Hum. Servs. Off. of Dev. Programs*, 283 A.3d 260, 273 (Pa. 2022) (Dougherty, J., concurring) (quoting *Elkin v. Bell Tel. Co. of Pa.*, 420 A.2d 371, 375-76 (Pa. 1980)). "[T]he primary jurisdiction doctrine 'applies where the administrative agency cannot provide a means of complete redress to the complaining party and yet the dispute involves issues that are clearly better resolved in the first instance by the administrative agency charged with regulating the subject matter of the dispute.'" *Id.* (quoting *Ostrov v. I.F.T, Inc.*, 586 A.2d 409, 413 (Pa. 1991)).

Under the primary jurisdiction doctrine, courts abstain from deciding cases when maintaining the integrity of a regulatory scheme requires preliminary consideration by the agency charged with its administration. *See id.* In such circumstances, deferral to the agency is necessary to promote "proper relationships between the courts and administrative agencies charged with particular regulatory

duties." *Id.* Furthermore, the Supreme Court explained that primary jurisdiction allows an agency to resolve an issue in a manner binding on the courts, and that once the administrative tribunal renders its determination, "the temporarily suspended civil litigation may continue, guided in scope and direction by the nature and outcome of the agency determination." *Elkin*, 420 A.2d at 377.

Where administrative remedies are complete and sufficient to provide full relief, the PUC possesses exclusive jurisdiction over the dispute. *See DiSanto*, 436 A.2d at 202. Conversely, when those remedies are incomplete or inadequate, the PUC's jurisdiction is not exclusive, but primary, and an action for damages may be brought in the court of common pleas after the PUC has made its initial determination on matters within its specialized expertise. *See id.*

Here, PUC clearly had exclusive jurisdiction over the Injunction Petition. PUC has exclusive jurisdiction over matters concerning "the reasonableness, adequacy, and sufficiency of public utility service," which includes the location and installation of its utility facilities. *PPL Elec. Utils. Corp.*, 214 A.3d at 649-50. It is undisputed that the Injunction Petition sought permission to install water meters in "rooms" instead of the "pits" prescribed by the tariff. This relief sought falls squarely within PUC's exclusive jurisdiction because it directly implicates the manner and location of utility facilities and challenges compliance with the tariff. *See* Trial Ct. Mem., 1/23/25. These are issues that the legislature has expressly entrusted to the PUC's specialized expertise. *See PPL Elec. Utils. Corp.*, 214 A.3d at 650; 66 Pa.C.S. §§ 501, 1501. Therefore, the trial court erred when it exercised jurisdiction by entering the Injunction Order. *See Behrend*, 243 A.3d at 347-48.

Similarly, the trial court erred in overruling PAWC's preliminary objections to the amended complaint filed by Holly Ridge. As stated above, PUC clearly has jurisdiction over this case initially. *See PPL Elec. Utils. Corp.*, 214 A.3d at 649-50. Because the amended complaint includes a demand for money damages, which may be brought in the trial court based upon PUC's initial determination, *see DiSanto*, 436 A.2d at 202, the trial court may exercise jurisdiction after PUC has heard the case and decided the issues within its realm of expertise. *See id.*; *Rehab. & Cmty. Providers Ass'n*, 283 A.3d at 273; *Elkin*, 420 A.2d at 375-76.

## IV. CONCLUSION

For the foregoing reasons, we vacate the trial court's Injunction Order for lack of jurisdiction. *See PPL Elec. Utils. Corp.*, 214 A.3d at 649-50. Additionally, we reverse the trial court's PO Order, which erred in overruling PAWC's preliminary objections challenging the trial court's jurisdiction over the amended complaint. Finally, we remand to the trial court with instructions that it stay the claim for damages and transfer the remaining issues to PUC. *Elkin*, 420 A.2d at 377; *Disanto*, 436 A.2d at 202.

**LORI A. DUMAS, Judge**

9

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Holly Ridge Estates, Inc. | : | **CASES CONSOLIDATED** |
| | : | No. 193 C.D. 2025 |
| v. | : | |
| | : | |
| Pennsylvania-American Water | : | |
| Company, | : | |
| Appellant | : | |
| | : | |
| | : | |
| Holly Ridge Estates, Inc. | : | |
| | : | No. 853 C.D. 2025 |
| v. | : | |
| | : | |
| Pennsylvania-American Water | : | |
| Company | : | |
| | : | |
| Appeal of: Pennsylvania-American | : | |
| Water Company | : | |

## **O R D E R**

AND NOW, this 24th day of March, 2026, the order entered by the Court of Common Pleas of Lackawanna County (trial court) on January 23, 2025, is VACATED. Additionally, the order entered by the trial court on May 6, 2025, is REVERSED. Finally, this matter is REMANDED for the trial court to stay the claim for money damages filed by Holly Ridge Estates, Inc. and transfer the matter to the Pennsylvania Public Utility Commission. Jurisdiction relinquished.

---

**LORI A. DUMAS, Judge**